UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

TERRY SMITH,

        Petitioner,

v.

RON FRAKER,

        Respondent.

Case No. C09-1455-JLR-BAT

**REPORT AND RECOMMENDATION**

## I.    INTRODUCTION

Petitioner Terry Smith has filed a petition and an amended petition for a writ of habeas corpus under 28 U.S.C. § 2254. Dkt. 6, 8. He alleges the reinstatement of his 1998 conviction for second degree manslaughter violates the Double Jeopardy Clause. *Id.* Respondent has filed an Answer contending the claim lacks merit and should be dismissed. Dkt. 12 at 7.

The matter has been referred to United States Magistrate Judge Brian A. Tsuchida. After careful consideration of the amended petition, governing law, and the record, the Court recommends that the petition be **DENIED**, and that the case be **DISMISSED** with prejudice.

## II.    BACKGROUND

"Terry Smith was under the influence of cocaine when he hit a woman in the face without warning, knocking her down in the street. Donald Gomber tried to intervene but Smith knocked

REPORT AND RECOMMENDATION- 1

him to the ground as well. Gomber's head hit the concrete when he fell, resulting in his death the next day. A jury convicted Smith of second degree felony murder and first degree manslaughter," with assault as the predicate offense for the felony murder conviction, in King County Superior Court in 1998. Dkt. 1, Ex. 2 (*State v. Smith*, Washington Court of Appeals Cause No. 43732-1-I at 1). The trial court refused to vacate the manslaughter conviction but imposed a sentence only for the murder conviction. *Id*. at 5. Based on petitioner's prior convictions, the Court sentenced him to life imprisonment without the possibility of parole under Washington's Persistent Offender Accountability Act. *Id.*

On appeal, the Washington State Court of Appeals ("state court of appeals") rejected various trial error arguments made by the petitioner, but vacated the manslaughter conviction on the grounds that "convictions for both second degree felony murder and manslaughter for a single homicide violate double jeopardy." *Id*. at 15. Petitioner filed a petition for review at the Washington State Supreme Court; the petition was denied on October 31, 2000. Dkt. 14, Ex. 9 at 1.

Two years later, the Washington Supreme Court ("state supreme court") held assault could not serve as a predicate offense for second degree felony murder. *In re Pers. Restraint of Andress*, 147 Wash. 2d 602, 56 P.3d 981 (2002). Based on the *Andress* decision, petitioner filed a personal restraint petition ("PRP") in 2003, Dkt. 14. Ex. 12; the state court of appeals granted that petition, Dkt. 14, Ex. 14, and vacated the second degree felony murder conviction, but declined to address whether the trial court would be authorized to reinstate petitioner's manslaughter conviction. *Id.* at 3. On remand in 2006, the trial court rejected the argument that reinstatement of of the manslaughter conviction violated the Double Jeopardy Clause and granted the state's motion to reinstate that conviction. Dkt. 14, Ex. 17 at 21. On appeal, the state

REPORT AND RECOMMENDATION- 2

court of appeals affirmed that decision. Dkt. 14, Ex. 21. The state supreme court denied further review. Dkt. 14, Ex. 23.

Having exhausted his state remedies, Dkt. 12 at 5, petitioner filed a habeas petition presenting one ground for relief: "you cannot or should not be able to reinstate a vacated conviction." Dkt. 6, at 6.[1] Respondent argues in his Answer that the state court decision upholding reinstatement of the manslaughter conviction is not contrary to or an unreasonable application of clearly established federal law and that the petition should therefore be denied. Dkt. 12 at 12.

### III. DISCUSSION

#### A. Standard of Review

A federal court may grant a habeas petition with respect to a claim that was adjudicated on the merits only if state court's decision was (1) contrary to, or involved an unreasonable application of, clearly established federal law, as determined by the United States Supreme Court; or (2) based on an unreasonable determination of the facts in light of the evidence presented in the state court proceeding. 28 U.S.C. § 2254(d).

A state court decision is contrary to clearly established federal law "if the state court applies a rule that contradicts the governing law set forth in the Court's cases or confronts a set of facts that are materially indistinguishable from a decision of this Court and nevertheless arrives at a result different from the Court's precedent." *Menendez v. Terhune*, 422 F.3d 1012, 1025 (9th Cir. 2005) (internal quotations omitted). A state court decision is an unreasonable application of

---

[1] Petitioner raised this ground for relief in the first habeas petition he filed. He was given leave to file an amended petition naming a proper defendant. Dkt. 7. He filed an amended petition naming a proper defendant but omitting the claim raised in the initial petition. Dkt. 8. The Court informed the parties it would consider the claim petitioner asserted in his original petition as the sole claim in this case. Dkt. 9.

clearly established federal law "if the state court identifies the correct governing legal principle from this Court's decisions but unreasonably applies that principle to the facts of the prisoner's case." *Id.* A reviewing court may not §find an "unreasonable application" under this standard if it would have decided the issue differently, or even if it believes that the decision was in "clear error"; rather, the application must be "objectively unreasonable." *Lockyer v. Andrade*, 538 U.S. 63, 75 (2003); *Waddington v. Sarausad*, --- U.S. ---, 129 S.Ct. 823, 831 (2009).

"When applying these standards, the federal court should review the 'last reasoned decision' by a state court," *Robinson v. Ignacio*, 360 F.3d 1044, 1055 (9th Cir. 2004), which refers in this case to the state court of appeals' decision affirming the reinstatement of the conviction. Therefore, in order for this Court to grant petitioner's application, the Court would have to determine that the state court of appeals' decision (1) was contrary to clearly established federal law or (2) involved an unreasonable application of that law.

**B.    Reinstatement of a Vacated Conviction Does Not Implicate Double Jeopardy**

Petitioner's argument that "you cannot . . . reinstate a vacated conviction" is meritless. Petitioner was found guilty of manslaughter. The conviction was vacated solely to protect petitioner from multiple punishments in violation of the Double Jeopardy Clause. The Double Jeopardy Clause imposes no limitations on the state to retry a defendant who has succeeded in getting his conviction set aside on any ground other than insufficient evidence, or to reinstate a conviction which was vacated solely to prevent double punishment for the same crime. *See Burks v. United* States, 437 U.S. 1, 13 (1978); *Rutledge v. United States*, 517 U.S. 292 (1996).

The rule in *Rutledge* applies to petitioner's situation. In *Rutledge* the Supreme Court held where a defendant is found guilty of one offense and of a lesser included offense, the lesser conviction should be vacated in order to avoid double jeopardy concerns. The *Rutledge* Court

specifically noted with approval the practice of the various circuit courts in directing entry of a conviction for a lesser included offense "when a conviction for a greater offense is reversed on grounds that affect only the greater offense," even after the lesser conviction had been vacated on double jeopardy concerns. *Id.* at 306.

In the ten years between *Rutledge* and the state court of appeals' decision affirming the reinstatement of petitioner's manslaughter conviction, the support for this position has only grown. The Ninth Circuit has expressly stated that lower courts may, on remand, reinstate a vacated lesser conviction where the greater conviction has subsequently been overturned, *United States v. Jose*, 425 F.3d 1237, 1247 (9th Cir. 2005), and several other circuits have taken the same position, *e.g. United States v. Silvers*, 90 F.3d 95 (4th Cir. 1996); *Rutledge v. United States*, 230 F.3d 1041 (7th Cir. 2000). Here, petitioner's manslaughter conviction was vacated on double jeopardy concerns, not for lack of evidence. Accordingly, the Double Jeopardy Clause provides no bar to reinstatement of the manslaughter conviction in this case.

Petitioner also argues that "[b]ecause first-degree manslaughter is not a lesser included offense of second-degree felony murder, a court may not remand for reentry of a conviction for first-degree manslaughter after vacation of a second-degree felony murder conviction." Dkt. 6, Brief of Appellant at 8-9. Petitioner claims *State v. Gamble*, 154 Wash. 2d 457 (2005) supports his argument. Dkt. 6, Brief of Appellant at 8. The *Gamble* decision does no such thing. Gamble was charged with and convicted of first and second degree felony murder. *Gamble* at 460. When his felony murder convictions were reversed, the state court of appeals remanded the case with instructions to enter a guilty verdict on "the lesser offense" of first degree manslaughter. *Gamble*, however, did not address the propriety of reinstating a manslaughter charge because Gamble had never been charged or convicted of manslaughter, and there was thus no

manslaughter to reinstate. Rather, the issue the state supreme court addressed was limited to whether manslaughter is a lesser included offense of felony murder. *Id.* at 469.

Second, petitioner has presented nothing showing his argument is supported by clearly established federal law as determined by the Supreme Court. *See* 28 U.S.C. § 2254(d)(1). That is because none exists. For double jeopardy to attach, there is no requirement that the charged offenses be greater and lesser included offenses. The Supreme Court has made this clear stating:

> It is immaterial whether second degree murder is a lesser offense included in a charge of felony murder or not. The vital thing is that it is a distinct and different offense. If anything, the fact that it cannot be classified as 'a lesser included offense' under the charge of felony murder buttresses our conclusion that Green was unconstitutionally twice placed in jeopardy. American courts have held with uniformity that where a defendant is charged with two offenses, neither of which is a lesser offense included within the other, and has been found guilty on one but not on the second he cannot be tried again on the second even though he secures reversal of the conviction and even though the two offenses are related offenses charged in the same indictment.

*Green v. U.S.,* 255 U.S. 184, 194 (1957). Were this not the case, petitioner should have been convicted and punished for both the second degree felony murder and the manslaughter offenses. But the state court of appeals correctly ruled that allowing both convictions to stand violates the Double Jeopardy Clause and properly vacated petitioner's manslaughter conviction. Petitioner cannot have his cake and eat it too. He cannot obtain vacation of the manslaughter conviction under the double jeopardy clause and then complain about reinstatement when he no longer faces multiple punishments. The Court concludes the distinction petitioner seeks to draw is one without difference.

This conclusion is buttressed by a close reading of the cases petitioner seeks to distinguish such as *United States v. Silvers*, 90 F.3d 95 (4th Cir. 1996). Dkt. 6, Brief of Appellant at 6-8. In *Silvers*, a jury found the defendant guilty of both the lesser offense

REPORT AND RECOMMENDATION- 6

(conspiracy to distribute cocaine) and the greater offense (continuing criminal enterprise). *Silvers*, 90 F.3d at 97. The trial court vacated the lesser offense and sentenced Silvers to 35 years on the greater offense. The greater offense was subsequently vacated and Silvers was resentenced on the reinstated lesser offense. Silvers argued reinstating the lesser offense violated the Double Jeopardy Clause. *Id.* at 98. The *Silvers* court rejected this argument. The court's analysis focused on whether the defendant would be subject to multiple punishments, not whether the reinstated offense was a lesser included. *Id.* at 99. The court found that reinstating the lesser conviction "does not violate the Double Jeopardy Clause because, in essence, the defendant is not subjected to multiple punishment; rather, he is placed in exactly the same position in which he would have been had there been no error in the first instance." *Id.*

Petitioner's situation is similar in all relevant respects. He was found guilty by a jury of murder and manslaughter. The manslaughter conviction was vacated to protect him from multiple punishment. The murder was subsequently vacated. By reinstating the manslaughter conviction, the state court avoided giving petitioner a "windfall" and instead placed him in exactly the same position he would have been had he not been erroneously convicted of the felony murder in the first instance.

While the Double Jeopardy Clause prevents double punishment, it does not require that a defendant not be punished at all; "'[w]here there is no threat of multiple punishment or successive prosecutions, the Double Jeopardy clause is not offended.'" *Silvers*, 90 F.3d at 99 (*quoting United States v. Wilson*, 420 U.S. 332, 344 (1975)). Accordingly, the Court concludes the state court's decision was neither contrary to, or involved an unreasonable application of, clearly established federal law, as determined by the United States Supreme Court and recommends that petitioner's amended habeas petition be dismissed.

REPORT AND RECOMMENDATION- 7

**C.      Issuance of a Certificate of Appealability**

A petitioner seeking post-conviction relief under § 2254 may appeal a district court's dismissal of the petition only after obtaining a certificate of appealability (COA) from a district or circuit judge. A COA may be issued only where a petitioner has made "a substantial showing of the denial of a constitutional right." See 28 U.S.C. § 2253(c)(3). A petitioner satisfies this standard "by demonstrating that jurists of reason could disagree with the district court's resolution of his constitutional claims or that jurists could conclude the issues presented are adequate to deserve encouragement to proceed further." Miller-El v. Cockrell, 537 U.S. 322, 327 (2003).

Under this standard, the Court finds that no reasonable jurist would find reinstatement of the manslaughter conviction a violation of the Double Jeopardy Clause. Accordingly, the Court recommends that pursuant to Rule 11 of the Rules Governing § 2254 cases, the district court deny issuance of a COA if it dismisses the petition.

Petitioner should address whether a COA should be issued, in his written objections, if any, to this Report and Recommendation.

## IV.    CONCLUSION

For the foregoing reasons, the Court recommends that petitioner's § 2254 petition be **DENIED** and this case **DISMISSED** with prejudice. The Court also recommends that a COA not issue. A proposed order accompanies this Report and Recommendation.

DATED this 4th day of February, 2010.

BRIAN A. TSUCHIDA
United States Magistrate Judge

REPORT AND RECOMMENDATION- 8